*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
August 31, 2023

v

THOMAS JAMES GUTHRIE,

        Defendant-Appellant.

No. 358678
Alpena Circuit Court
LC No. 2016-007336-FC

Before: BOONSTRA, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

Defendant, Thomas James Guthrie, appeals by right following his resentencing for a single count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f) (sexual penetration accomplished by force or coercion and causing injury). We affirm.

## I. BACKGROUND

In 2005, defendant sexually assaulted the male victim over the course of an episode during which defendant anally and orally penetrated the victim, then forced the victim to anally and orally penetrate defendant. Defendant was convicted by a jury of two counts of CSC-I. Defendant was sentenced to 20 to 50 years' imprisonment for each conviction to be served concurrently. On appeal, this Court set forth the underlying facts in detail that we need not repeat. *People v Guthrie*, unpublished per curiam opinion of the Court of Appeals, issued March 28, 2019 (Docket No. 341269), pp 1-3, 9. In relevant part, this Court concluded that one of defendant's convictions must be vacated, in part because both convictions were premised on the same act of sexual penetration and supported by different theories. *Guthrie*, unpub op at 5-7. The trial court had previously scored 50 points each for offense variables (OVs) 7 (aggravated physical abuse), MCL 777.37, and 11 (number of sexual penetrations), MCL 777.41. Notably, the parties agreed that OV 13 (continuing pattern of criminal behavior), MCL 777.43, should be scored at zero points specifically because the other sexual penetrations would be scored under OV 11. This Court reversed the scoring of 50 points for OV 7, and it affirmed the scoring of 50 points for OV 11, finding that the evidence at trial supported finding four distinct penetrations, one of which formed the basis for defendant's conviction and three of which could be assessed for OV 11. *Guthrie*, unpub op at 6-

-1-

8. Defendant additionally argued that imposition of court costs under MCL 769.1k(1)(b)(*iii*) was improper, but this Court disagreed. *Guthrie*, unpub op at 15. This Court remanded for resentencing on defendant's remaining CSC-I conviction with his sentencing guidelines adjusted to reflect a score of zero points for OV 7. *Guthrie*, unpub op at 21.

On remand, a successor judge considered an updated presentence investigation report (PSIR) and arguments from the parties. The trial court recalculated defendant's sentencing guidelines range in light of zero points being scored for OV 7 and 50 points being scored for OV 11, to be 225 to 750 months. It reflected on defendant's extensive criminal history[1] and the nature of the offenses, concluding that a minimum sentence in the middle of the guidelines range would be appropriate. However, feeling itself constrained not to exceed defendant's previously imposed sentence, the court reimposed the same sentence of 20 to 50 years' (240 to 600 months) imprisonment, with credit for time served. Defendant's minimum term of 240 months was very close to the low end of his guidelines range. Defendant now appeals.

## II. SCORING OF OV 11

Defendant raises various challenges to the trial court's assessment of 50 points for OV 11, all of which were considered and rejected in this Court's prior opinion. This Court held that the evidence established "a single conviction of first-degree CSC stemming from an episode featuring four penetrations," permitting three penetrations to be considered for purposes of OV 11. *Guthrie*, unpub op at 8. Defendant argued that neither of the penetrations of the defendant by the victim could be included in OV 11 because MCL 777.41(2)(a) states, "Score all sexual penetrations of the victim by the offender arising out of the sentencing offense." This Court rejected defendant's reading of the statute because the definition of "sexual penetration" for purposes of CSC does not differentiate between who penetrated whom but instead covers all criminal penetrations that the offender caused the victim to suffer. *Id*. (citing MCL 750.520a(r)).

The law-of-the-case doctrine requires this Court to follow its own prior decisions regarding any particular issue decided in a prior appeal in the same case. *People v Zitka*, 335 Mich App 324, 334; 966 NW2d 786 (2020). We therefore again reject defendant's challenges to the assessment of 50 points for OV 11.

We briefly note, however, that even if the penetrations by the victim of defendant could not be scored under OV 11, at least one sexual penetration should still be scored, so at least 25 points should still have been scored for OV 11, rather than zero points as defendant contends. MCL 777.41(1)(b). Significantly, the parties generally agreed that the only reason OV 13 was scored at zero points instead of at 25 points was because all penetrations were expected to be scored under OV 11. See MCL 777.43(2)(c). Unlike OV 11, points should be scored under OV 13 for the penetration constituting the sentencing offense. MCL 777.43(2)(a). If the penetrations

---

[1] In 1993, defendant was convicted of two counts of CSC-III, MCL 750.520d(1)(b) (force or coercion). This Court affirmed defendant's convictions in that criminal proceeding. *People v Guthrie* (*Guthrie I*), unpublished per curiam opinion of the Court of Appeals, issued April 6, 1995 (Docket No. 165789).

of defendant by the victim may not be scored under OV 11, as defendant argues, they may—and should—be scored under OV 13. In other words, although 25 points arguably should have been deducted from the scoring of OV 11, that deduction necessarily means 25 points should have been added to OV 13 because the sentencing "offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). Defendant's total offense variable score would therefore remain unchanged.

### III. DUE PROCESS

Defendant presents a brief and unclear argument apparently to the effect that the prosecutor deprived him of due process by not charging him separately (or serially) for all four penetrations, resulting in an increased sentencing guidelines score, to his detriment. We review claims alleging violations of due process de novo. *People v Dixon-Bey*, 340 Mich App 292, 296; 985 NW2d 904 (2022). "The prosecutor is given broad charging discretion . . . and judicial review of the exercise of that discretion is limited to whether an abuse of power occurred, i.e., whether the charging decision was made for reasons that are unconstitutional, illegal, or ultra vires." *People v Conat*, 238 Mich App 134, 149; 605 NW2d 49 (1999) (citation omitted).

Defendant's argument is fundamentally speculative. If defendant had been charged with and convicted of separate CSC-I offenses for each penetration, he could have been subjected to consecutive sentencing. MCL 750.520b(3). Furthermore, even if 50 points were deducted from OV 11 at defendant's insistence, the upper end of his recalculated guidelines minimum sentence range would have been 285 months. MCL 777.62. Therefore, the trial court still would have had discretion to impose an even lengthier sentence than the 240 months it imposed, and might also have concluded that the guidelines were inadequately proportionate to defendant's crimes under the circumstances. Defendant is entitled to no relief on this basis.

### IV. SENTENCE PROPORTIONALITY

Defendant argues that his sentence was disproportionate, and that we should hold MCL 769.34(10), under which we must generally affirm a within-guidelines sentence, unconstitutional. Since defendant filed his claim of appeal, the Michigan Supreme Court has declared MCL 769.34(10) unconstitutional in *People v Posey*, __ Mich __, __; __ NW2d __ (2023) (Docket No. 162373); slip op at 15. MCL 769.34(10) mandated that the Court of Appeals affirm a within-guidelines sentence absent an error in scoring the guidelines or the trial court's reliance on inaccurate information. *Id*. at __; slip op at 15. This essentially eliminated appellate review of the reasonableness of a within-guidelines sentence, thus violating the principle that the guidelines are advisory in nature, even on appeal. *Id*. at __; slip op at 16-17. Appellate courts now must review all sentences for reasonableness, not just those that are outside the guidelines. *Id*. at __; slip op at 19. In reviewing reasonableness, the key has always been whether the sentence is proportionate. *Id*. at __; slip op at 19 (citing *People v Steanhouse*, 500 Mich 453, 475; 902 NW2d 327 (2017)). *Posey* reaffirmed the principle that a within-guidelines sentence is presumptively proportionate and the defendant bears the burden of demonstrating that the sentence is unreasonable or disproportionate. *Id*. at __; slip op at 19.

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Lydic*, 335 Mich App 486, 500; 967 NW2d 847 (2021). A trial court abuses

its discretion by choosing an outcome that falls outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). Our Supreme Court has held that the statutory sentencing guidelines are advisory rather than mandatory. But in so doing the Court did not otherwise abrogate longstanding precedent regarding sentencing practices and jurisprudence. *Steanhouse*, 500 Mich at 472-473. Our Supreme Court has reaffirmed "that the Legislature . . . incorporated the principle of proportionality into the newly adopted legislative sentencing guidelines." *Id*. at 472. A within-guidelines sentence is presumptively proportionate. A defendant bears the burden of proving that a within-guidelines sentence is not proportionate.

Defendant fails to present any convincing argument that his sentence, already near the bottom of the guidelines range, was disproportionate or improper under "the traditional objectives of sentencing" of "punishment, deterrence, protection, retribution, and rehabilitation." *People v Garay*, 506 Mich 936, 936; 949 NW2d 673 (2020). The trial court thoughtfully and reasonably reflected on the need to protect society from defendant and the obvious fact that his lengthy criminal history showed little rehabilitative potential. Defendant was a fourth-offense habitual offender and had committed the instant offense while on parole. We find defendant's sentence to be proportionate and therefore reasonable.[2]

## V. COURT COSTS

Defendant raises a number of challenges to MCL 769.1k(1)(b)(*iii*), all of which have been considered and rejected by this Court in *People v Johnson*, 336 Mich App 688; 971 NW2d 692 (2021), lv den 992 NW2d 247(2023). Pursuant to MCR 7.201(D), the "decision of a majority of the judges of a panel . . . is the decision of the court," and that decision is final unless "modified by the Supreme Court." Because our Supreme Court has denied leave to appeal in *Johnson*, this Court must follow *Johnson*. Therefore, the court costs imposed were proper.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Christopher P. Yates

---

[2] We therefore need not consider defendant's argument that he should be resentenced before a different judge, which, in any event, is devoid of merit.